Vivian Hord is here for the appellants, Gregory's, and Janet Bradley is here for the government. Janet, Ms. Hord, you may begin when you're ready. Section 183 is what we call the Hobby Loss Deduction. The question before the court is whether this Section 183 Hobby Loss Deduction is a deduction against gross income, as the taxpayer believes, or a deduction against adjusted gross income, meaning an itemized deduction, as the government believes. We believe that the answer is set forth in the plain language of the statute. Section 183B-2 says that a taxpayer shall be allowed the deductions for an activity to the extent of the gross income from that activity. The plain language of the statute makes explicit that deductions for hobby expenses are deductions against gross income. Itemized deductions, on the other hand, are deductions against adjusted gross income in I think it might be helpful if I give an explanation of how all of these deductions would be applied under the various scenarios and interpretations. The problem is that these hobby expenses, they're not listed in the 62A in the appendix. It lists 65 of those expenses that you can deduct from adjusted gross income, and this isn't one of them. Your Honor, it is one of them because Section 183 says it's a deduction against gross income. There are other provisions that are not listed in Section 62 as well. The Internal Revenue Code taxes net income, not gross income. We've never taxed gross receipts. We tax net income. We don't tax people on the dollars they have to spend to earn income, and that's what Section 62 and Section 183 do. Section 62 doesn't list 167. 167 is a depreciation expense. So let's say you have a manufacturing facility. You have depreciation on the manufacturing facility, but you don't get to take all of your expenses for your depreciation expenses unless they exceed 2% of your adjusted gross income. That doesn't make any sense. Section 167 is not listed either, nor is Section 471. Let's say I have a business that sells inventory. 471 is the provision that deals with inventory accounting because we want to match gross receipts with expenses for inventories. 471 is not listed in Section 62 either. I think part of the problem is that there's a conceptual problem that the government and a lot of law students have about understanding the difference between a deduction against gross income and an itemized deduction, and there's a Warren Gorman Lamont treatise on federal income tax by Bickrin Loken that explains the difference in parts 20 and 30. A deduction against gross income arises from an expense that is necessary for the production of that income because the code taxes net income, not gross income. And then Bickrin Loken gives some examples in Section 183 as one of the examples. We know this to be true throughout the code because let's say you buy a piece of property for $300,000 and then you sell the property for $400,000. And you've already paid off the debt, so in the settlement statement when you go to the closing, you're receiving $400,000. Do you pay tax on $400,000? No. You don't pay tax on $400,000 because your accretion to wealth wasn't $400,000. You only made $100,000. And that's why you're only taxed on $100,000. That's not a deduction. It's a helpful explanation, but it's not a deduction scenario. Right. But if you look at the overarching provisions of the Internal Revenue Code, you'll see that we have never taxed gross receipts. And it might be helpful if I provide an illustration of how the various interpretations would work. So itemized deductions are limited. They're phased out for individuals once they reach $250,000 and they're phased out for couples once they reach $300,000. And that's what happened here. The client's phased out of the itemized deduction. So even though he had $600,000 of expenses for paying the crew and paying for maintenance on the boat, he wasn't able to take any of those deductions. So he was taxed on his gross receipts, not his net income from the activity. And then furthermore, miscellaneous itemized deductions have been repealed for the years 2018 through 2025. So let's apply these rules to an example to see how they work. Can I, I don't want to, I'm sure this is going to be interesting, but I just, I do want to challenge you on this idea that we always tax sort of profit from an activity instead of the gross income from an activity. I mean, so all of my life I have worked for a salary and all of my life I have paid for a car. I have paid for gas to go back and forth from my place of employment. I played, paid for, you know, framing degrees to put on the wall. I paid for all sorts of stuff. You know, I paid taxes on my salary. I didn't, I didn't pay on my gross, right? I mean, I didn't pay on my kind of what I made after the expenses of employment. How can you say that the tax code always just, it's always the profit and never the expenses that you spend to get the thing that you're getting to use to make the money? Well, that's explained in the Bicker and Loken Treatise. What do they say about salaries? Well, they say, well, salaries are exempt under 62 because it's wage. We're trying to encourage activities that employ other people, activities that produce income. So, so then, so, so salaries do not fit the idea that you have. I mean, are you conceding this, that salaries don't fit the idea that you have, that we only tax profit and never gross? That's, that's correct. Okay, so how, how much, I mean, just how much revenue, how much of a percentage of the federal government's revenue do you think comes from applying the income tax to salaries versus yacht rentals? Your Honor, I'm, I'm not really sure I understand that question. So I'm saying, I think you conceded correctly that this principle that you've identified, that there's some underlying principle in the IRS code that we only tax profit, doesn't apply to applying the income tax to salaries, for example. That seems like you've conceded away like a 90% hole in your theory. No, Your Honor, I'm talking about economic activities that people engage in, and I think the example would be helpful. Employment? I think my example would be helpful if the court would allow me to use it, because it's an example from my childhood. I grew up in a rural area in Georgia. My best friend lived on a farm. Her parents were school teachers. So let's say they earn $80,000 from teaching school. They earn $50,000 from farming activity, but they have $60,000 of expenses on the farm. If that activity is deemed to be an activity for profit under Section 183, they pay tax on $70,000, which is actually the cash they have in the bank from that activity. Under Section 183, under our interpretation, if that activity is deemed to be a hobby, then they don't get the excess $10,000. Under the plain terms of the statute, they get to deduct their expenses to the extent of their gross receipts, their gross receipts being $50,000. So they're disallowed $10,000 in expenses under the plain language of Section 183. Nobody disputes that. Right. But that means it's a deduction against gross income, not an itemized deduction against adjusted gross income, but miscellaneous itemized deductions. That's because it's a for-profit activity in your hypothetical. No, no, no. In my hypothetical, if the government comes in and says it is not for profit, the way we interpret the statute, the way it's been interpreted since I got my Master's of Law in tax in 1990, the way it's been interpreted in every Section 183 case I've had until this one. Yeah, you're limited to the amount of your gross income. Gross income, gross income. It's a deduction against gross income, not adjusted gross income. So if we take the government's interpretation and we say, well, this is a miscellaneous itemized deduction, my friend's parents would not be able to deduct any of their farming expenses. They would pay tax on $130,000 and not get a penny of deduction for the period between 2018 and 2025 because miscellaneous itemized deductions have been repealed under Section 67G for that period. But that repeal can't be germane to the issue before us, right? Oh, no, it's very much, well, my- Because that can go away and that'll come back and- Well, my client's tax years are 2014 and 2015. Right, which means, right, so the momentary, I'm suggesting that the momentary stop is not relevant to the tax world as it existed in 2014 and 2015. But if this court rules that Section 183 is an itemized deduction, then anyone who tries to start a new business that the government comes in and says, well, this isn't for profit, their deductions will be denied because this court will have held that's miscellaneous itemized deduction. But that's a fight about whether something's a business or a hobby. I mean, that's often what people fight about for this very reason, right? That they can gain all of the tax benefits that come from operating a business instead of a hobby. I mean- Your Honor, other than conservation easements lately, the most cases I've had in my career have been Section 183 cases. And it's like the Harvard Low Income Tax Clinic says and the Georgia State Tax Clinic says, this is going to impact. You might not like my client because he makes a lot of money and this is more of a nuisance to him. But when he figured out what it did to low income taxpayers, he sent me down here to try to clear up the statute so that moving forward, people would realize that under the plain terms of Section 183, this is a deduction against gross income. There aren't many cases on this. You mentioned one of the tax treatises. But the only case that goes your way has one line without much discussion at all. The Brennan case. I forget the name of the case. It's the 11th Circuit Opinion. There's an 11th Circuit Opinion cited in the brief called Brennan. No, no, I'm talking about the tax court. I'm sorry. There's only one tax court decision that goes your way, right? Most of them are settled, Your Honor. And there's never- I know that. But there is one tax- There's one in reported cases, which is something that we look for to try to understand the world of tax law because we are not tax experts. There's only one decision from the tax court that goes your way. And it has one or two lines without much explanation why your position is correct. And the reason is because he's just reading the statute. It says it's a deduction against gross income. Now- I know, but the funny thing is, you know, in the world of textualism, everybody agrees that everybody says that the plain language of the statute supports their position. Well- And so it makes you wonder whether there is really a plain meaning. Well, Your Honor, if you may permit me, indulge me in answer. The cases that are in the tax code, even Judge Jones, when she issued this opinion, admitted that all of the cases that say it's an itemized deduction in tax court were in dicta. For example, one of the cases they're relying on is the case of Bailey. That was F. Lee Bailey. He was a criminal defense attorney. He represented himself. He had much bigger tax issues than his hobby tax issue. So he didn't really pay a lot of attention to it. It wasn't litigated in the case. Nobody was paying attention to it. And so language that it was an itemized deduction slipped in. And that's generally how it is slipped into becoming dicta in some of the tax court opinions. But this is an issue that is a very important issue to people. I have had two farming hobby loss cases in the last four years. I just received an opinion on a hobby loss case last year. We won. And my first, one of my first cases in tax- What was that case about? In that case, the individuals retired, but he was interested in building green homes. And so he spent all of his retirement money on trying to build a green home and he didn't, he wasn't able to sell it. He had losses for multiple years and he was really trying to make a profit. He would go speak about green home building. So, I mean, that was over the issue about whether it was a hobby or a business. That was over the issue, whether it was a hobby or a business. But what you need to understand is if it's deemed to be a hobby, it becomes an itemized deduction and every expense is disallowed. Oh, I get it. I mean, so let's just assume, I mean, you're making a lot of policy arguments. I just don't know if I agree with your policy arguments. I mean, let's just assume you take two people, okay? You take, they both have a hobby. Their hobby is woodworking. So they both make tables, like they make a table a year. They spend like a thousand bucks making a table. One of them sells the table for 500 bucks and the other one just makes it and gives it away. Why, if it's a hobby, if they're not doing it for money, why do we have to say that we're not going to, we're going to treat them differently effectively? The guy who makes the $500 gets to count that as a loss because he spent a thousand dollars to make it. They're not after it for profit. They don't care. They're just doing it for fun. Well, maybe I should clarify this because I don't have any clients who don't do anything not to make money. However, Well, that's the definition of a hobbyist, right? No, not necessarily because the, for instance, the accounting in this case, the accountant in this case is almost 80 years old. And this is the way the provision has operated since I've been out of law school. And he told the client, you're just going to have to litigate if you want to prove it's a profit-motivated activity. Just take your expenses to the extent of your gross income. So that's the way accountants have been advising people for years that, okay, well, you don't want to have to litigate whether this is for profit because you're going to spend more money litigating than it's going to be worth particularly. But now they have to do it because, I mean, it has nothing to do with your interpretation of it, right? It's because they capped the deduction for hobby losses, right? I mean, isn't that the reason the 2% cap is new? Right? Am I wrong about that? No, the 2% cap is dealing with itemized deductions. Yeah, that's my point. The 2% cap for itemized deductions, isn't that new? Or is that old? That's the government's interpretation. Right. When did the 2% cap for itemized deductions happen? That was in 67. I mean, no, it was in, I think that was the 1986 Tax Reform Act. But the language of Section 183 and Section 62 hasn't changed in all those years. It's always been a deduction against gross income. So Section 67 wouldn't have impacted it. Well, now you say this, the text of 183 is clear. When the government gets up here, they're going to say the text of 183 is clear. Let's assume that we decide that the statute is ambiguous. Both disagree about the text. And we have to resort to, let's say we have to resort to legislative history. My law clerk found a house report. You might want to write this down. It's numbered 98-1037 at page 273. And this report says there's a non-exhaustive list of example items that may be deducted under 67, provided they exceed 2% of the taxpayers adjusted gross income. One example is, quote, hobby expenses, but generally not more than hobby income, close quote. At page 274. And if we resort to legislative history, isn't that clear evidence that Congress intended hobby expenses to be treated below the line rather than above the line as a miscellaneous itemized deduction subject to the 2% floor in 67. If we resort to legislative history. If you resort to legislative history, except it didn't make it into the code section. So I don't know how section. Yeah, we would have to say there's an ambiguity. Right. In order to get there. When we don't believe there's an ambiguity because section 67 was passed and nobody said anything about section 183. Didn't repeal 183. And Congress could have said, you can deduct it to the extent of your adjusted gross income. But they said you can adjust it to the extent of your gross income. And again, if you look at section 60, subsection D of section 63. Miscellaneous itemized deductions are deducted against adjusted gross income, not gross income. You have your argument. You can keep your rebuttal time. Thank you. Okay. Miss Bradley. Good morning, your honors. The fallacy with appellant's argument is that they're confusing what's a trader business expense with a hobby expense, which is really nothing more than a personal expense. 183A precludes these deductions, except for as provided in B1 and B2. And B2 is the applicable one here. And in B2, the government submits that it's merely a cap on the amount of allowable deductions. The other code provisions here in the statutory scheme, section 62, section 63, along with section 67B, dictate how such expenses are accounted for. It's very clear, as Judge Wilson said this morning, that adjusted gross income is defined as gross income minus there's 21 specific deductions. If you go to our appendix, it lists all 21. While trader business expenses are there, there is no mention of 183B2. Congress was very clear that this was not a deduction, an above-the-line deduction in computing adjusted gross income. The tax court here correctly observed that because 183B2 expenses are not specified in section 62, that they are itemized deductions. And section 63D defines itemized deductions as deductions allowable other than those in computing adjusted gross income or for other specific deductions stated in section 63B. How does section 67B play into this puzzle? 67B plays into the puzzle because it defines itemized deductions further as miscellaneous itemized deductions unless they are one of 12 specified deductions in that provision. And again, there is no mention in section 67 of 183B2 expenses. Do you need this to be classified as a miscellaneous itemized deduction to prevail? In order for the 2% of AGI in section 67A to apply, it needs to be a miscellaneous itemized deductions. Right. So you need that characterization to prevail, right? Right. It's a step-by-step analysis of the very plain terms of the statute. Again... Right, but if you don't... Just to make sure you and I understand each other because you know more about this than I do. You don't get the 2% kicker unless it's a miscellaneous itemized deduction, right? Correct. So at the end of the day, this needs to be characterized as you go through the statutory steps as a miscellaneous itemized deduction because if it were not a miscellaneous itemized deduction, then 67A wouldn't apply and you wouldn't have the 2% limitation. Okay. Correct. And again here, Congress chose as Judge Brashear was mentioning, you know, I'm a salaried employee and I too cannot deduct my commuting expenses, the clothes I buy to go to work, my lunch or my briefcase. Again, those are personal expenses and Congress chose that they're not deductible. So here too, hobby expenses where the taxpayers here bought Lady Lila, which appears to be a super nice yacht by the photos on the internet, that it was a hobby. It was something that they did just like people might golf, ride horses and whatever expenses, they're simply not deductible. There's nothing in the code that equates a hobby expense with a trade or business expense. The two are mutually exclusive of one another. Except that 183B provides for deductions in certain cases as if the hobby were for profit, right, subject to the gross income derived from the activity. Correct. B2 refers to allowable only if such activity were engaged in for profit. I would submit that Congress clearly knew about trade or business expenses and didn't dictate in B2 that hobby expenses were to be treated as trade or business expense. They're not. Again, here, it was a hobby. They earned some income. They had some offsetting expenses. But again, in Section 62, which very clearly specifies 21 specific deductions, 183 isn't there. Sounds to me like the statute is ambiguous. I don't think- You both have different interpretations of the statute. I don't think we have different inter- We probably do have different interpretations. I think counsel for the appellant is of the viewpoint that 183B2 alone and in isolation from any of the other statutory provisions in the Internal Revenue Code governs it. They appear to be of the belief that by virtue of B2 alone that they're entitled to those deductions. And the government's taking the position- I think B2, so the taxpayer sort of hangs their argument on the use of the word gross income in B2. I mean, that's the way I see their argument is they say, look, it says gross income. Could you just- And you mentioned that at your very beginning about what that meant. But could you just play that out a little bit more? Like, what does it mean when it says, but only to the extent that the gross income derived from such activity for the taxable year exceeds the deductions allowable by reason of paragraph one? Certainly in section 62 of the code entitled adjusted gross income defined, the term adjusted gross income means gross income minus the following deductions. Following section 62, which is in our statutory appendix at page 37, it goes on then to list 21 very specific deductions, including trade or business. You, of course, can read the other provisions, alimony, moving expenses. I mean, they're very specific. And typically right next to the name of the deduction, it will say, like for alimony, the deduction allowed by section 215. Um, reforestation expenses, deduction allowed by section 194. Had Congress intended for hobby expenses under 183 B2 to have been deductible from adjusted gross income, it clearly could have added another provision to the list saying hobby loss expenses as provided in section 183 B2. It didn't. And again, in this case, I just really want to point out that here the taxpayers conceded that their boat chartering activity of the Lady Lita was not for profit. So to the extent counsel is talking about perhaps some other cases, obviously I'm not familiar with them. But typically in these hobby cases, the question comes down to whether or not the hobby activity is actually a trade or business. And of course, if it's determined to be a trade or business, then the taxpayer is permitted, whatever deductions are permitted in the code to offset their income. Again, here there was no question whether or not it was a hobby. They admitted it was a hobby, which is akin to a personal expense. And again, not a trade or business. So the governments of the position that reading 183 B2 as stating what the maximum deduction is, you then need to understand how the taxable income is computed. And then that's where you go to the statutory scheme with 62, 63, and 67. To address something, I may be confused about this, but when did this, I thought, and I mean, it sounds like I'm wrong about this. I don't know why this came into my head. But I thought that caps on deductions recently made this a more salient issue. But maybe I'm wrong about this. Has this always been a salient issue? It's my, typically again in these cases, the question litigated is whether or not something is a hobby or a trade or business. Section 67, which imposes the cap on miscellaneous itemized deductions was enacted in 1986. Again, as counsel for the appellant mentioned, subsequently in 2017 congressional act, they removed not only the cap, but starting with tax years 2018, I believe to 2025, you can no longer even have, you can't even deduct a miscellaneous itemized deduction. So obviously Congress understands what it did. And again, this provision's been around. I think we might both have different examples that we've had in our careers. And typically this just doesn't come up. I think it's typically always been understood that these provisions here as to how you actually compute aggressive growth income, taxable income. I think everybody's understood that the consequences are that 183B2 expenses are miscellaneous itemized deduction and they are subject to the cap. Again, there's only been a handful of tax court decisions and one court of federal claims decision in dicta agreeing with the government's position. And I think earlier Judge Wilson or it was Judge Jordan was referring to one unpublished summary opinion in the Hill case that more or less adopted counsel's position. But again, that was a summary opinion decided under the small tax court procedures in the tax court. There's no briefing by the parties. But there's not much case law on this. No, there is. This is a case of first impression and I think this court gets the first crack at it. So I would just urge the court that again, the statutory scheme here is very clear. I think we detail it step-by-step in our brief and how I hope to assist the court with that this morning. And we would just ask that this court affirm the decision of the tax court. That the 183B2 expenses here are miscellaneous itemized deductions. They're subject to the 2% cap. And because taxpayers here were doing exceedingly well with about 20 million income in one year and 80 in the other, they simply were below the cap and that the commissioner properly denied the deductions. Thank you, Ms. Bradley. Thank you very much, your honors. Ms. Hoard, do you preserve some time for rebuttal? So tell me why two things don't work against you. Okay. One is that 67B says for purposes of this section to term miscellaneous itemized deductions means itemized deductions other than, and then it lists 12 deductions. 183 is not mentioned there. Which suggests that a 183 deduction is a miscellaneous itemized deduction. Hold on, hold on. I'm gonna give you the two and then let you go. And the second one is 62 and the listing of all the items with regards to the definition of adjusted gross income and again, not listed. Why don't those two things cut against you? Well, if you look at the list in section 67, 162 isn't listed there either. And we know those aren't itemized deductions because those are deductions against gross income. There are a lot of deductions that aren't listed in section 67 because we know they're deductions against gross income, not adjusted gross income. So I would say if you look at 63 subsection D, your answer is located there. As for 62, I would like to point out that 62, which defines adjusted gross income, defines it as income minus the following deductions. And they say trader business deductions. Please note, they don't say 162 deductions. They say trader business deductions and they do not require that that trader business make a profit. Because the issue of whether something is a trader business that makes a profit is under section 62. I'd also like to reiterate something that Judge Jordan had noticed. If you read section 183, it says you get a deduction to the extent of your gross receipts as if you were an activity engaged in for profit, which that means you got to look at section 162, right? And section 62 tells you how your deductions work if you're an activity engaged in for profit. The Hill decision in tax court, Judge Jordan, the specific issue in that case before that court was, is this an itemized deduction? In the cases where it's dicta, it was just a throwaway issue. Nobody was specifically thinking about it. You mentioned one treatise, which you think helpfully explains this whole thing, but you also have a couple of other publications, including one treatise, which cuts against you. So you've got Merton's, Volume 7, Merton's Law of Federal Income Taxation, and you've got S Corporation's Federal Taxation. And both of those publications indicate that hobby losses constitute miscellaneous itemized deductions subject to the 2% floor. Yes, Your Honor. If you look at the tax court website, irs.gov, they're going to, I mean, not the tax court, but the irs.gov, they'll say that too, but they're picking up the dicta from the older cases. We've got a Supreme Court opinion returned in 1992 in DOPCO versus the United States. Supreme Court says tax deductions are matters of, quote, legislative grace, close quote. Yes, Your Honor. Ambiguities should be strictly construed against the taxpayer, and the burden is on the taxpayer to show the right to a claim deduction. Yes, Your Honor. They're talking about itemized deductions there. There is a big distinction between a deduction for the production of income and a deduction that's just, we're going to give you the deduction because we want to encourage homeownership, or we want to encourage some sort of behavior. Even though you aren't spending money to make money, we're going to say you get your medical expenses, or we're going to say you get your home expenses. Those are matters of legislative grace. But when you are actually having to spend money to make money, the Code does not tax gross receipts. It gives you a deduction for the dollars that you have to spend to make the money. I do want to point out two other things that we put in our brief. Section 183 and Section 62 have been in the Code for a long, long time, since before I got my Master's of Law and Tax. There is a rule of construction that a later general statute like 67 doesn't override a specifically enacted statute like 183. Also, if a statute's been repealed, when I pull it up online, it'll be big red letters, repealed, repealed, repealed. Miscellaneous itemized deductions were repealed under 67G, but 183 is still in the Code. There is a rule of statutory construction that there is a presumption against amendments by implication. What the government's having us do is go through 62, 67, and all these machinations of all these complicated statutes, when all we have to do is read the plain language of 183. It is a deduction against gross income. Can I ask you a question about that? I'm partly doing this to give you more time to talk about it, so it really seems like you hang a lot of your argument on this language that says that in B2, 183B2, it says, a deduction equal to the amount of the deductions which would have been allowable under this chapter for the taxable year, only if such activity were engaged in for profit, but only to the extent that the gross income derived from such activity for the taxable year exceeds the deductions allowable by reason of paragraph one. Isn't that just capping the deduction you can get to the gross income you derive from the activity? Yes. Okay. How does that cap then? How does that say that it reduces your gross income, I guess? Gross income from the activity is one thing. Gross income from all the income you make seems like something else. Maybe I'm wrong about this, but I'm just having a difficult time understanding how the use of the word gross income there to impose the cap on what you can get suggests that it's not a miscellaneous itemized deduction because somehow it comes off of your gross income, annual income. Well, because the statute specifically says it's a deduction against gross income. But where does it say that? I'm trying to figure that out. It says it in 183. You get your deductions. The part I just read. Right. Okay. How does it say that? Well, if you look at section 63, subsection D, itemized deductions are applied against adjusted gross income, not gross income. You start with gross receipts. You get to deduct your expenses to arrive at adjusted gross income. Right. But this isn't gross income generally in B2. It's gross income derived from such activity. Well, what that means is your deduction is capped to the extent of the income you derive from the activity. Exactly. Section 183 was enacted for situations like you have an orthopedic surgeon who wants to, he grew up with horses. He wants to raise horses. He tries to make money by breeding them, but nobody can make money from horses. So, we don't let him take that excess $10,000 from my example. Right. The loss. Right. Clearly. I guess I'm trying to figure out. To shelter that income. Yeah. I get that. Everybody agrees on that. But I'm trying to figure out how does the cap, you know, the cap is you can't take any more than the gross income you derive from such activity. How does that mean that when you're talking about annual income, all your annual income, that the deduction comes off the gross income instead of just the number, whatever it is. The deduction is this amount because it's capped at this amount. It could come off anywhere, right? No. You are capped at the gross income from the activities. Exactly. That's the amount of the deduction. The most you can get is that amount, right? If the court, the tax court decides it's an activity not engaged in for profit. Right. If you litigate and it's for profit, then you do get to. So that this tells you the amount of deduction you can get. How does that answer the question of where it comes off? I'm not sure I follow your point. Okay. So, all right. I'm just, there's no reason to belabor the point, I guess. But this, I think we all agree, this tells you the most amount, the number of dollars you can count as a deduction, right? It's the extent of the gross income derived from the activity, right? That's how you came up with the, I think it's like $300,000 deduction here, right? Because it's the most, it's capped at the gross income derived from the activity, right? Right. Okay. So that's the amount. How does figuring out that amount tell you where it comes off when you're talking about whether it comes off of gross income over here, AGI over here? You've used 83B-2 to figure out the amount. Why does that have anything to do with whether it's a miscellaneous itemized deduction? Well, actually, for farm expenses, they're taken on Schedule F, which has nothing to do with miscellaneous itemized deductions. It's just in my farm cases, the government comes in and says it's a hobby, and then they try to limit it. So, I mean, just to, how does the amount, the cap of the amount, tell you how to treat the deduction over here when you're looking at the other provisions that tell you how to treat it? It's not an itemized deduction. Why? Because it is a deduction against gross income. But that just tells you the amount of the, okay, all right. Well, we let you go way over. And the case was thoroughly argued. And I think we have the arguments on both sides. Thank you very much. Thank you.